## A00A1673. KNOWLES v. THE STATE.
### (538 SE2d 175)

PHIPPS, Judge.

Gary Leon Knowles was convicted in the Douglas Superior Court of aggravated assault, aggravated battery, and possession of cocaine. His enumeration of errors begins with challenges to the sufficiency of the evidence and ends with a claim of ineffective assistance of counsel. We find no trial error or evidentiary insufficiency, and we conclude that the ineffectiveness claim has not been timely raised. The judgment is therefore affirmed.

Testimony given by Ginger Leigh Campbell and Carl Register showed that throughout the day in question, Campbell, Register, and Knowles were smoking crack cocaine at Register's house in Douglas County and at Knowles's apartment. According to Campbell, she and Knowles left Register's house in the evening and returned to Knowles's apartment, where he began acting paranoid. Because of Knowles's erratic behavior, Campbell told him that she wanted to leave. Campbell testified that while Knowles was driving her to an undisclosed location, he abruptly stopped his truck and brandished a butcher knife. Although Campbell escaped from the truck, Knowles ran her down and stabbed her repeatedly with the knife. After Knowles departed the scene, Campbell attempted to flag down vehicles to assist her. The operator of a truck saw her but did not stop. Eventually, another motorist picked her up and took her to a nearby hospital.

James Davis was the driver of the truck that failed to stop. He later called the county sheriff's department and alerted authorities to what he had seen. Douglas County Deputy Sheriff Harrell responded to the call and located Campbell at the hospital. While being treated for life-threatening stab wounds, Campbell informed Harrell of the circumstances under which Knowles had attacked her with the butcher knife. She also provided the officer with a description of the clothes Knowles was wearing, the truck he was driving, and directions to his apartment.

Deputy Harrell found Knowles at his apartment. Knowles admitted that he had been with Campbell earlier, but he claimed that she had left his apartment hours before the knife attack and that he had then fallen asleep. During a consent search of Knowles's apartment, the deputy found a knife holder with one knife missing.

When asked to explain the whereabouts of the missing knife, Knowles responded that he and Campbell had been arguing and that she had taken the knife with her when she left.

A plastic bag was found floating in a toilet in Knowles's apartment. The bag fit Campbell's and Register's description of the packaging for the cocaine they had smoked with Knowles. Blood and urine taken from Knowles tested positive for cocaine and metabolites of cocaine. An item of personal property belonging to Campbell was found in Knowles's truck. Campbell's treating surgeon testified that her stab wounds could have been inflicted with a knife fitting the measurements she estimated.

Russell Sharp, Knowles's co-inmate at the Douglas County Jail, testified that Knowles had confided to him that he had stabbed Campbell because of her desire to leave his apartment after he had purchased cocaine for her rather than remaining there and having sex with him. Knowles told Sharp that he had discarded the knife in a wooded area and that he had hidden the clothes he had been wearing.

1. Knowles contests the sufficiency of the evidence to support the verdict based primarily on challenges to Campbell's credibility, the absence of blood evidence or other physical evidence linking him to the crimes, and discrepancies in the State's evidence concerning the timing of Davis's call to the sheriff's department.

The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and it is not for us to determine or question how the jury resolved any conflicts in the evidence.[1] Viewed in a light most favorable to the verdict, the evidence was clearly sufficient to have authorized any rational trier of fact to find Knowles guilty beyond a reasonable doubt of the crimes charged.[2]

2. Knowles charges the trial court with error in not recording opening statements, closing arguments, and voir dire.

Prior to trial, Knowles filed a motion pursuant to OCGA §§ 17-8-5 and 5-6-41 for complete recordation of all proceedings. Although opening statements, closing arguments, and voir dire are excepted from recordation under these statutes,[3] Knowles requested in the body of his motion that these parts of the proceeding be recorded. The court did not, however, rule on the motion, and Knowles raised no objection at trial. Therefore, Knowles has waived this claim of error.[4]

3. Knowles contends that the State failed to prove venue in Douglas County for his conviction of possession of cocaine.

[1] Davis v. State, 223 Ga. App. 346, 347 (1) (477 SE2d 639) (1996).
[2] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] Primas v. State, 231 Ga. App. 861, 862 (1), (2) (501 SE2d 28) (1998).
[4] See id. at 862 (2).

There is no merit in this contention. Campbell's and Register's testimony, coupled with the evidence showing the presence of cocaine and cocaine metabolites in Knowles's blood, was sufficient to support a finding that he possessed cocaine at Register's house in Douglas County.[5]

4. Knowles complains of the trial court's refusal to declare a mistrial after Sharp testified to the length of time Knowles had been in jail awaiting trial. Reference to the length of time a defendant has been in pretrial detention is not grounds for a mistrial.[6] For this reason, this complaint is without merit.

5. Knowles contends that the trial court erred in admitting in evidence a photograph of his truck which also showed him in handcuffs during his arrest. Because all the circumstances connected with a defendant's arrest are considered proper evidence to be submitted to the jury,[7] this contention is without merit.

6. Knowles charges the trial court with error in allowing Davis to testify after the prosecutor informed defense counsel that Davis would not appear at trial.

Although the prosecution supplied the defense with the information about this witness required under the reciprocal discovery statute,[8] the prosecutor told defense counsel shortly before trial that Davis could not be located. After opening statements, the prosecutor announced that his investigators had found Davis. The trial court overruled defense counsel's objection to the witness's testimony.

Knowles states that the prosecutor's pretrial representation that the witness could not be located induced defense counsel to comment in his opening statement that the State would not be able to produce evidence that was later admitted through Davis's testimony. As a result, Knowles complains that his counsel's credibility was harmed. We find no harm to the defense sufficient to warrant a reversal.

Opening statement is intended to provide defense counsel with an opportunity to comment on what he "expects" the evidence to show.[9] If evidentiary expectations expressed by defense counsel proved inaccurate as a result of the State's belated discovery of the witness, counsel could have restored any lost credibility by explaining the reasons for his comments.[10] It does not appear that the trial court abused its discretion in permitting the witness to testify.

---

[5] See *Green v. State*, 260 Ga. 625 (1) (398 SE2d 360) (1990).

[6] See *Ferrell v. State*, 198 Ga. App. 270, 272 (3) (401 SE2d 301) (1991) (evidence that an accused has been in jail in connection with the case at issue does not place his character in evidence).

[7] *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974).

[8] OCGA § 17-16-1 et seq.

[9] See Uniform Superior Court Rule 10.2.

[10] Compare *West v. State*, 213 Ga. App. 362 (444 SE2d 398) (1994).

7. Knowles contends that comments by the prosecuting attorney during closing argument concerning the defendant's failure to present a defense constituted an infringement of his right to remain silent. The court ruled that, taken in context, the remarks were not improper. Under the present record, which does not include the closing argument,[11] we must assume that this ruling was correct.

8. Knowles contends that the trial court abused its discretion in instructing the jury to disregard part of defense counsel's closing argument.

During closing argument, defense counsel produced and measured a knife fitting the description of that used by Knowles in his attack on Campbell. In response to an objection by the State after closing argument had concluded, the trial court instructed the jury to disregard this demonstration. Because counsel is not authorized to present new evidence in closing argument,[12] and because it does not appear that the knife and measuring implement utilized by defense counsel had been admitted in evidence, we find no error.

9. Knowles charges his trial lawyer with ineffective assistance.

Knowles's trial attorney filed a motion for new trial on the general grounds. Months later, a new attorney was appointed to represent Knowles. Knowles's new attorney filed an amended motion for new trial without raising any claim of ineffective assistance of counsel. Several months after the court denied the amended motion, Knowles's new attorney moved for an out-of-time appeal on the ground that he had not received the order denying the amended motion for new trial. The court granted the motion for out-of-time appeal, and counsel filed a notice of appeal on behalf of Knowles. Following the docketing of the appeal, Knowles filed a motion seeking permission to represent himself pro se, and his new attorney filed a motion to withdraw as counsel. We remanded the appeal to the trial court for the purpose of acting on these motions. After the trial court granted the motions, the present notice of appeal was filed. Knowles now claims that his trial attorney was ineffective.

The question is whether the ineffectiveness claim has been asserted in a timely fashion.

> Our Supreme Court has clearly stated that "the rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is

---

[11] See Division 2, supra.

[12] See *Williams v. State*, 254 Ga. 508, 511 (3) (330 SE2d 353) (1985).

a procedural bar to raising (that) issue at a later time." [Cit.] Accordingly, if an appellant obtains new counsel prior to appeal, and counsel has the opportunity to raise the issue of ineffectiveness through a motion for new trial but fails to do so, we will not remand the case but will find that appellant has waived his right to raise the issue.[13]

Because Knowles in consultation with his second lawyer had the opportunity to raise the claim of ineffective assistance in the amended motion for new trial, the ineffectiveness claim has been waived.[14]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 10, 2000.

Gary L. Knowles, *pro se*.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.

---

[13] (Emphasis omitted.) *Howard v. State*, 233 Ga. App. 724, 730 (7) (505 SE2d 768) (1998).

[14] *McBride v. State*, 213 Ga. App. 857 (2) (446 SE2d 193) (1994).