A02A2385. ROSS v. THE STATE.
(574 SE2d 406)

ANDREWS, Presiding Judge.

Jamedrix Deondrique Ross was found guilty by a jury of misdemeanor obstruction of an officer and interference with government property. Ross represented himself at trial, and his sole enumeration of error on appeal is that his right to assistance of counsel was violated because he did not make a valid waiver of counsel prior to trial. Because the record does not show that Ross voluntarily and intelligently waived his right to counsel, the trial court erred by allowing him to proceed at trial without counsel.

Although a criminal defendant has a Sixth Amendment right to assistance of counsel at trial, the defendant also has a right to waive the right to counsel and represent himself when he voluntarily and intelligently elects to do so. *Clarke v. Zant,* 247 Ga. 194 (275 SE2d 49)

---

(1981). Whether there has been a valid waiver of counsel depends on the particular circumstances of each case including the background, experience, and conduct of the defendant. Id. at 196. The record must show that the defendant was aware of the dangers of proceeding without counsel but nevertheless chose to represent himself. Id. at 196-197; *Brooks v. State*, 243 Ga. App. 246, 248-250 (532 SE2d 763) (2000).

There is nothing in the present record showing that the trial court made Ross aware of the dangers of self-representation prior to trial, nor did his background, experience, or conduct of the trial show he was aware of the dangers and capable of making a valid waiver of counsel. Although the trial court made counsel available to Ross during the course of the trial, counsel provided no significant assistance. The record shows Ross tried the case on his own, raised bizarre, ineffective defenses, and made an incoherent mess of his case. Under these circumstances, we conclude there was no valid waiver of counsel. Ross is entitled to a new trial at which he may choose to be represented by counsel or to waive his right to counsel and defend himself — after being made aware of the dangers of proceeding without counsel.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 12, 2002.

*John D. Thalhimer*, for appellant.
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Amelia G. Pray, Assistant District Attorneys*, for appellee.