## A03A0649. WARE v. THE STATE.
### (576 SE2d 649)

PHIPPS, Judge.

Albert Ware was convicted of two counts of aggravated battery upon Rosetta Pridgen and one count each of criminal damage to property in the second degree and criminal trespass. For the aggravated battery convictions, he was sentenced to two consecutive twenty-year terms of imprisonment. Following the denial of his motion for new trial, he appeals. He challenges the sufficiency of the evidence to support his convictions of aggravated battery, the trial court's admission of evidence of prior difficulties between him and Pridgen, and the sentences he received for the aggravated batteries. Finding no merit in any of Ware's claims of error, we affirm.

The State's evidence showed that Ware and Pridgen met at work and began a friendship that vacillated between the romantic and the platonic. At times, they lived together. Pridgen testified that she ended the romantic relationship because Ware had engaged in behavior such as maliciously damaging her car and other personal property and physically assaulting her. Ware, on the other hand, claimed that Pridgen had initiated instances of domestic violence due to her drinking. Other witnesses testified to support each side's contentions.

---

[4] *Holland v. State*, 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999).

Ware and Pridgen's friendship ended when Ware severely beat Pridgen on the occasion in question, breaking several of her ribs as well as both orbital bones in her eyes and causing her to have to be hospitalized and undergo reconstructive plastic surgery. There were no eyewitnesses to the incident other than Ware and Pridgen. Ware claimed that Pridgen, jealous of his relationships with other women and angry because of his refusal to engage in sexual relations with her, threatened him with a knife and handgun. He testified that he hit her only while trying to disarm her. According to Pridgen, the attack was unprovoked.

1. There is no merit in Ware's challenge to the sufficiency of the evidence.

"The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and it is not for us to determine or question how the jury resolved any conflicts in the evidence."[1] From the severity of Pridgen's injuries, the jury was authorized to find that the attack clearly exceeded any reasonable bounds of self-defense and thereby reject Ware's claim of justification. "Viewed in a light most favorable to the verdict, the evidence was clearly sufficient to have authorized any rational trier of fact to find [Ware] guilty beyond a reasonable doubt of the crimes charged."[2]

2. There is no merit in Ware's claim that the trial court abused its discretion in admitting evidence of prior difficulties between him and Pridgen.

(E)vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted. (Cits.) [Cit.][3]

3. There is no merit in Ware's claim that his consecutive 20-year sentences for the aggravated batteries violate the federal and state constitutions' guarantees of equal protection and due process, and their prohibition against cruel and unusual punishment.

A presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence

---

[1] (Footnote omitted.) *Knowles v. State*, 245 Ga. App. 523, 524 (1) (538 SE2d 175) (2000).
[2] (Footnote omitted.) Id.
[3] *Dixon v. State*, 275 Ga. 232, 233 (2) (564 SE2d 198) (2002).

does not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Such presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience. [Cit.][4]

The sentences imposed against Ware for the subject crimes are within statutory limits[5] and do not shock the conscience. His contention that his sentences are excessive may be presented to the sentence review panel.[6] He has made no showing that his rights of either equal protection or due process were violated. And although he complains of his trial attorney's failure to introduce mitigating evidence at sentencing, he has not identified any mitigating evidence that counsel failed to present.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2003.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney*, for appellee.

---

[4] *Burgos v. State*, 233 Ga. App. 897, 902 (3), n. 2 (505 SE2d 543) (1998).
[5] See OCGA § 16-5-24 (a), (b), (h).
[6] *Graham v. State*, 266 Ga. 543, 544 (4) (468 SE2d 363) (1996).