## A03A1608. LAWAL v. THE STATE.
(589 SE2d 861)

BARNES, Judge.

Shade Lawal, pro se, appeals his jury conviction for theft by taking and criminal trespass. The crime occurred on August 5, 2001, and after trial, at which Lawal proceeded pro se, Lawal was found guilty as charged and was given a one-year sentence with thirty days to serve and the remainder on probation. Lawal timely filed a notice of appeal, and his appeal was docketed in this Court.

The State filed a motion for contempt, contending that Lawal submitted falsified documents, specifically the Waiver of Arraignment form, in support of his appeal. This Court directed that the appeal be removed from the docket and remanded for an evidentiary determination of whether the form was authentic.

Following a hearing, the trial court determined that "Lawal admitted altering the form and admitted submitting the altered form to the Court of Appeals," and the appeal was redocketed with this Court. Because there is no evidence of Lawal's knowing and voluntary waiver of his right to counsel, we reverse.

---

[16] *Graham v. State*, 266 Ga. 543, 544 (5) (468 SE2d 363) (1996).

At about 2:30 a.m. on August 5, 2001, a patrolman with the Smyrna Police Department observed Lawal's truck parked near a construction site. The truck did not have its lights on and lumber was sticking out of its bed. As the officer approached, the truck pulled off without turning on its lights, and the officer followed and initiated a traffic stop. After asking for identification, the officer asked Lawal if he had a receipt for the lumber. Lawal said that the receipt was at home. The lumber on Lawal's bed had printed markings which matched the lumber at the construction site where Lawal's truck was parked. The officer testified that he went to the construction site and discovered that a stack of lumber near where Lawal's truck was parked appeared to be open with lumber missing. Lawal pled not guilty and proceeded pro se to a jury trial. The jury found Lawal guilty, and he was fined $500 for each count and sentenced to one year, with thirty days to serve and the remainder on probation.

In his appeal, Lawal argues, among other things, that the trial court erred by denying him the right to assistance of counsel. Lawal argues that he requested an appointed attorney, the court denied his request, and he was forced to proceed without counsel.

The record includes a "Waiver of Formal Arraignment" affidavit signed by Lawal in which he indicated that he waived formal arraignment, "does not want to be interviewed for a court appointed attorney," and "does not waive right to a jury trial." Lawal also signed a document entitled "Notice Regarding Representation at Trial" which showed that Lawal intended to "employ an attorney, but realize that if I do not exercise due diligence in obtaining such attorney, my right to counsel is freely and voluntarily waived." The document contained a warning that "even simple litigation at best is complex and having an attorney assist in the presentation of a case is a valuable right and one that if I do not exercise, may deny me benefit of counsel which otherwise could assist in the presentation of my case." There is also evidence that at some point prior to trial, Lawal was interviewed for a court-appointed attorney, but was denied because of his income.

It is uncontroverted that Lawal represented himself at trial. Whether this was by force or design is not significant to the resolution of this case. *Deren v. State*, 237 Ga. App. 387, 388 (515 SE2d 191) (1999), mandates that even when a criminal defendant is not entitled to court-appointed counsel, the record still must reflect a knowing and intelligent waiver of the right to private counsel. "A criminal defendant has a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. A criminal defendant may forfeit his right to counsel by a knowing and intelligent waiver." (Citations and punctuation omitted.) Id. "Waiver of counsel requires more than a showing of a knowledge of

right to counsel; there must also be evidence of relinquishment of this right." (Citations, punctuation and emphasis omitted.) *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998).

> Although no particular questions are required as evidence of this waiver, the record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver. The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence.

(Citations and punctuation omitted.) *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002).

Here, the only evidence of Lawal's waiver of either appointed or retained counsel was the above-mentioned documents. We have previously held that,

> for the State to use a pretrial waiver form to show that a defendant has intelligently elected to represent himself at trial after being advised of his right to counsel and the "dangers" of waiver, the form should outline those pertinent dangers: such as (1) the possibility of a jail sentence; (2) the rules of evidence will be enforced; (3) strategic decisions with regard to voir dire and the striking of jurors must be made by defendant; (4) strategic decisions as to the calling of witnesses and/or the right to testify must be made by defendant; and (5) issues must be properly preserved and transcribed in order to raise them on appeal.

(Footnote omitted.) *Tucci v. State*, 255 Ga. App. 474, 476-477 (1) (565 SE2d 831) (2002). The State's evidence is insufficient to show that Lawal was provided with such information. The record does not include a trial transcript or any extrinsic evidence, other than the noted documents, reflecting that the trial court made a careful inquiry into Lawal's waiver of his right to either appointed or retained counsel.

"[A]lthough not required by the decisions of our Supreme Court, we believe that the best way to ensure that a defendant fully appreciates the right he has chosen to relinquish, and that trial judges fully understand their duty in this process, is for the trial court to address each factor, individually, and on the record." *Banks v. State*, 260 Ga. App. 515, 520 (2) (580 SE2d 308) (2003).

We reverse and remand this case to the trial court for a new trial and "[Lawal] may choose to be represented by counsel or to waive his right to counsel and defend himself — after being made aware of the

dangers of proceeding without counsel." *Ross v. State*, 258 Ga. App. 346, 347 (574 SE2d 406) (2002).

Lawal's motion for contempt and request for sanctions against the State is denied. Upon review, we also deny the State's motion for contempt against Lawal for fraud upon this Court for submitting the falsified waiver form. Although the trial court found that Lawal submitted an altered form to this Court, and our review shows that Lawal's brief contained unsupported factual assertions, we will give Lawal the benefit of inexperience as a pro se appellant, but emphasize that we take very seriously and will not tolerate any wilful acts of fraud perpetrated upon this Court by the parties in an appeal.

*Judgment reversed and case remanded. Andrews, P. J., and Adams, J., concur in the judgment only.*

DECIDED NOVEMBER 10, 2003.

Shade Lawal, *pro se*.

Barry E. Morgan, Solicitor-General, Jessica K. Moss, John W. Nichols, Assistant Solicitors-General, for appellee.