A04A1846. LAWAL v. THE STATE.
(616 SE2d 205)

SMITH, Presiding Judge.

Jimmy Lawal appeals pro se from the trial court's order of conviction and sentence on charges stemming from Cobb County ordinance violations. He raises five enumerations of error, claiming ineffective assistance of his trial counsel, raising violations of the Fifth and Eighth Amendments to the U. S. Constitution, and maintaining that his appeal was not processed by the magistrate court. We find no error and affirm.

The record shows that after Lawal was cited for violating four Cobb County ordinances by having furniture, household goods, and a vehicle in his front yard, the case was transferred to state court, and an accusation was filed. A jury found Lawal guilty of two charges,[1] one involving use limitations on his property and another for having a car parked in his front yard. Lawal was given a six-month sentence to serve fifteen days in custody, which could be suspended if Lawal remedied the violations within thirty days. A fine of $900 plus surcharges was also imposed. Lawal filed a notice of appeal.

Lawal belatedly filed court costs after the State filed a motion to dismiss for failure to pay costs. But the case was docketed in this court on January 14, 2004, before the motion was heard in the trial court. We remanded the case on January 16, 2004, to provide an opportunity for the trial court to consider and rule on the motion to dismiss. Upon remand, the trial court held a hearing, in which Lawal testified that he did not pay court costs because his 11-year-old son signed for the notice from the clerk but never gave him the clerk's costs letter. The trial court noted that this excuse "lacked credibility."[2] Despite this finding, the trial court denied the State's motion to dismiss Lawal's appeal so that the merits of the appeal could be heard in this court.

The case was redocketed in this court in May 2004 but dismissed for want of prosecution on August 5, 2004, when no brief or request for extension had been filed by Lawal. In response to the order of dismissal, Lawal filed a motion for reconsideration, stating he had not received any notice of docketing and did not know that a brief was due. This court reinstated Lawal's appeal in September 2004.

1. We first address Lawal's last enumeration, because as best we can understand Lawal's statement of the issue, its resolution demonstrates the factual error that underlies Lawal's entire appeal. Lawal contends that he "properly and timely filed [a] notice of appeal

---

[1] The jury found Lawal not guilty of violating two other county ordinances.

[2] The trial court also noted that it had previously found that Lawal falsified the appellate record in an unrelated matter. See *Lawal v. State*, 264 Ga. App. 49 (589 SE2d 861) (2003) (altered a "waiver of arraignment" form).

at Magistrate Court," which the magistrate failed to "process," but instead sentenced him for contempt. Lawal has apparently conflated two different trials because he believes the charges were identical.

The record shows, however, that two different sets of citations were issued to Lawal. The first citations were issued on June 1, 2001. Lawal was apparently found guilty of those violations in magistrate court and sentenced on July 11, 2002. Because Lawal's sentence on those citations included a fine, the magistrate entered an order reciting that if Lawal within 30 days showed written compliance with the code ordinances he was guilty of violating, $500 of his fine would be suspended. On November 2, 2001, after a hearing, the magistrate found Lawal in contempt for failure to comply with the ordinances or pay his fine, and sentenced Lawal to serve ten days in jail. On the same day, Lawal appealed his convictions to the superior court, but he later filed a dismissal of that appeal on November 11, 2002. The dismissal ended that litigation, which is completely separate and distinct from this case.

New citations were issued to Lawal in December 2001. This case was heard in state court after Lawal requested a jury trial on the new violations of county ordinances. Although the charges are almost identical, the citations were issued when the inspector returned to Lawal's home and found that violations similar to those cited in June still existed. Because this case was never heard in magistrate court and the prior litigation ended with Lawal's dismissal of his appeal, Lawal's contention that the magistrate court did not "process" his appeal has no merit.

2. In two enumerations, Lawal alleges that his trial counsel was ineffective.

> It is axiomatic that a claim of ineffectiveness of trial counsel must be [raised] at the earliest practicable moment. The rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.

(Citations and punctuation omitted.) *Williams v. State*, 257 Ga. App. 589, 590-591 (3) (571 SE2d 571) (2002). Lawal did not file a motion for new trial, although he certainly had ample opportunity to do so. His claim for ineffective assistance of counsel therefore was waived.

Moreover, we note that although Lawal complains of his attorney's ineffective performance, he identifies no specific errors that we might review through the trial transcript. We further note that

through the efforts of his appointed attorney, Lawal was acquitted of two of the four charges against him.

3. (a) Lawal maintains that his sentence amounted to cruel and unusual punishment in violation of the Eighth Amendment of the U. S. Constitution. But when the sentence imposed is within the statutory limits, a presumption arises that the sentence does not violate the Eighth Amendment. *Ware v. State*, 259 Ga. App. 267, 268-269 (3) (576 SE2d 649) (2003). This "presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience." (Citation and footnote omitted.) Id. at 269 (3). Lawal has established no factual predicate, his sentence of six months with only fifteen days to serve hardly shocks the conscience, and the sentence was within the statutory limits. The maximum sentence for a Cobb County Code violation is 60 days of incarceration and a $1,000 fine. Cobb County Code § 102-14 (a). Each day is deemed a separate offense, violations are cumulative, and sentences may run consecutively. Id. at §§ 102-14 (d); 1-10 (c). Lawal was given three months to pay his fines, which was generous under the circumstances, and both Lawal and his counsel signed the sentencing order.

(b) Lawal's contention that his sentence also violated his right to due process under the Fourth Amendment of the U. S. Constitution is flawed as well. The due process clause is implicated only by incarceration before a formal adjudication of guilt; after such an adjudication, the Eighth Amendment applies. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U. S. 239 (103 SC 2979, 77 LE2d 605) (1983). Lawal was never arrested on the December 2001 citations and served no time in jail either before or after trial, making a due process analysis irrelevant.

4. Lawal's assertion that his trial on the December 2001 citations subjected him to double jeopardy because he had already been tried on the same charges is factually inaccurate. As discussed in Division 1, supra, he was not tried on the same charges. The prohibition against double jeopardy was not violated.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JUNE 23, 2005.

Jimmy Lawal, *pro se.*

*Barry E. Morgan, Solicitor-General, Bonnie A. Derrer, Assistant Solicitor-General,* for appellee.