## A06A0626. HANDSPIKE v. THE STATE.
(631 SE2d 730)

SMITH, Presiding Judge.

Quinton Handspike appeals from his convictions on two counts of armed robbery. In his sole enumeration of error, Handspike contends the trial court erred when it refused to redact statements showing that he was in jail awaiting trial at the time he wrote a letter to his girlfriend.[1] Finding no error, we affirm.

It is well settled in Georgia that "evidence that a defendant has been incarcerated in connection with the crime for which the defendant is on trial does not place the defendant's character in issue

---

[1] The letters were admitted to show that Handspike was attempting to persuade his girlfriend to refuse to testify against him.

[cits.]" and does not require reversal. *Murray v. State*, 271 Ga. 504, 506 (5) (521 SE2d 564) (1999); *Knowles v. State*, 245 Ga. App. 523, 525 (4) (538 SE2d 175) (2000). Handspike attempts to avoid our application of this rule of law by arguing that he is not making a character objection to the evidence. Instead, he asserts we should reverse because the prejudicial impact of the evidence outweighed its probative value. The resulting prejudice, he argues, is that the jury could infer from this evidence that "he was too dangerous to release on bond." As this argument is merely a character objection in disguise, we find that it has no merit. Id. See also *Ferrell v. State*, 198 Ga. App. 270, 272 (3) (401 SE2d 301) (1991).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MAY 19, 2006.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.