## A10A0102. STALLWORTH v. THE STATE.
(695 SE2d 276)

MILLER, Chief Judge.

A Dougherty County jury convicted Charles D. Stallworth, Jr., of two counts of forgery in the first degree (OCGA § 16-9-1). Stallworth filed a motion for a new trial, which the trial court denied. Stallworth now appeals, arguing that the trial court erred in allowing the State to introduce unnoticed similar transaction evidence under the theory that such evidence demonstrated prior difficulties between Stallworth and the business where Stallworth sought to cash counterfeit money orders. Finding that the disputed evidence was properly admitted as evidence of prior difficulties, we affirm.

Viewed in the light most favorable to the verdict (*Rankin v. State*, 278 Ga. 704 (606 SE2d 269) (2004)), the record shows that on October 24, 2005, Stallworth entered Albany Check Casher, a check cashing business in Albany, and sought to cash two purported Travelers Express "Moneygram" Money Orders, each of which was payable to him in the amount of $2,500. Stallworth presented the money orders to Albany Check Casher manager, William Krake, who determined that the money orders appeared to be counterfeit because they lacked certain security features of genuine Travelers Express Money Orders. Krake contacted the police, and when the responding officer asked Stallworth where he obtained the money orders, Stallworth claimed he received them from a man named Michael Carter. Stallworth, however, also told the officer that he did not know who Michael Carter was. A Money Tree of Georgia employee testified at trial that her company sold Travelers Express "Moneygram" Money Orders, and, with the aid of two authentic money orders, she described the security features that should have been present but were missing on the money orders Stallworth presented to Krake.

Stallworth's sole contention on appeal is that the trial court erred in allowing Krake to testify that Stallworth had presented counterfeit money orders to him on prior occasions. Stallworth claims that such testimony constituted evidence of similar transac-

tions rather than prior difficulties and should not have been admitted because he was not provided with pretrial notice of such evidence, as required by Uniform Superior Court Rules 31.1 and 31.3.[1] We disagree.

"Admission of evidence is a matter resting within the sole discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse." (Citation and punctuation omitted.) *Newton v. State*, 296 Ga. App. 332, 337 (3) (674 SE2d 379) (2009); see also *Ware v. State*, 259 Ga. App. 267, 268 (2) (576 SE2d 649) (2003) (reviewing admission of evidence of prior difficulties for abuse of discretion).

During his opening statement, the prosecutor informed the jury that Krake "was already familiar with Mr. Stallworth because Mr. Stallworth on previous occasions had come up to the business and attempted to cash the same type of money order." Stallworth's counsel objected, arguing that he "ha[d] not been provided with any discovery on similar type money orders," and moved to strike the prosecutor's statement. The trial court overruled the objection and stated, "I'll put it on the record later." Subsequently, when Krake was on the stand, the prosecutor asked whether October 24, 2005 was the first time Stallworth came into Albany Check Casher, and Krake responded that Stallworth "had come in on a few prior occasions with similar money orders." Over Stallworth's counsel's objections, Krake went on to testify that on prior occasions, Stallworth had presented him with Travelers Express "Moneygram" Money Orders, which he refused to cash.[2] The judge, however, would not permit Krake to state whether he advised Stallworth that the prior money orders were counterfeit.

At the close of the State's case, Stallworth's counsel moved for a mistrial based on the introduction of testimony concerning Krake's prior encounters with Stallworth. The trial court denied the motion, concluding that the testimony in question was admissible as evidence of prior difficulties between the parties and relevant to show Stallworth's motive, intent, or bent of mind.

As the Supreme Court of Georgia held in *Wall v. State*, 269 Ga.

---

[1] USCR 31.1 states: "Notices of the state's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten [10] days before trial unless the time is shortened or lengthened by the judge." USCR 31.3, inter alia, sets forth the requirements for the notice and contemplates that the trial court will conduct a hearing to determine the admissibility of the proposed similar transaction evidence.

[2] While it allowed this testimony to come in, the trial court issued a cautionary instruction reminding the jury that the issue before it was whether Stallworth had committed forgery by presenting two money orders to Krake on the date set forth in the accusation.

506, 509 (2) (500 SE2d 904) (1998):

> [E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

(Citations omitted); *Ware*, supra, 259 Ga. App. at 268 (2). Evidence of prior difficulties between the accused and the victim is not subject to the notice and hearing requirements of Uniform Superior Court Rules 31.1 and 31.3. *Wall*, supra, 269 Ga. at 509 (2); *Haska v. State*, 240 Ga. App. 527, 529 (4) (523 SE2d 589) (1999).

We have held that evidence of prior difficulties between a defendant and a corporation may be admitted under proper circumstances. *Askew v. State*, 185 Ga. App. 282, 283 (4) (363 SE2d 844) (1987) (in trial of defendant accused of armed robbery of pizza delivery person, vice-president of operations for pizza company permitted to testify that defendant had been fired from employment with company "for the limited purpose of showing malice or bias towards the company"). Further, while the present case does not involve evidence of "a prior assault, a quarrel, or a threat," nothing in our case law limits prior difficulty evidence to "those specific circumstances." (Punctuation and footnote omitted.) *Westbrooks v. State*, 263 Ga. App. 566, 568 (2) (588 SE2d 335) (2003). Thus, in *Westbrooks*, in which the defendant was charged with committing theft by taking by making unauthorized withdrawals from the victim's bank account, we held that the trial court did not err in admitting evidence that the defendant previously pled guilty to forging checks drawn on the victim's bank account. Id. at 568 (2). We reasoned that such evidence showed that the relationship between the victim and defendant was characterized by the defendant's financial victimization of the victim and that evidence of such a relationship was relevant to show the defendant's intent to steal from the victim, especially since the defendant denied transferring funds from the victim's account. Id.

In this case, evidence of Stallworth's prior attempts to present inauthentic money orders to Krake showed that Stallworth's relationship with Albany Check Casher's agent, Krake, was characterized by repeated attempts to obtain funds on invalid instruments. Even though Krake was not permitted to testify whether he told Stallworth that the prior money orders were counterfeit, the jury

could nonetheless infer from Stallworth's course of conduct and Krake's prior refusals to cash similar money orders that Stallworth knew that the money orders he presented to Krake on October 24, 2005 were inauthentic. Such testimony was of particular relevance in light of Stallworth's counsel's attempt to establish during his cross-examination of the Money Tree employee that members of the general public (like Stallworth) would not be familiar with the security features of authentic money orders. Here, as in *Westbrooks*, supra, the State made the requisite showings for admission of evidence relating to Albany Check Casher's prior difficulties with Stallworth. *Westbrooks*, supra, 263 Ga. App. at 568 (2). Accordingly, the trial court did not abuse its discretion in admitting such evidence.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 15, 2010.

*Kevin C. Armstrong, Leisa G. Terry*, for appellant.
*Gregory W. Edwards, District Attorney*, for appellee.