## S13A0598. HARVEY v. THE STATE.
### (741 SE2d 625)

THOMPSON, Presiding Justice.

Appellant Michael Darnell Harvey was convicted of malice murder, rape, aggravated sodomy, and aggravated assault in connection with the strangulation death of Valerie Payton.[1] He appeals from the denial of his motion for new trial in which he challenged the sufficiency of the evidence and asserted the trial court erred in the admission of similar transaction evidence. Finding no error in the denial of his motion, we affirm.

---

[1] The crimes occurred on October 19, 1994. Harvey was indicted on March 21, 2008, by a Fulton County grand jury on charges of malice murder, felony murder predicated on rape, felony murder predicated on aggravated sodomy, felony murder predicated on aggravated assault, rape, aggravated sodomy and aggravated assault. He was tried before a jury on April 6-12, 2010 and found guilty of all charges. The trial court sentenced Harvey on April 12, 2010 to three consecutive terms of life in prison on the malice murder, rape, and aggravated sodomy convictions. The remaining verdicts merged or were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Harvey filed a motion for new trial on April 15, 2010, which he amended on December 5, 2011. The motion for new trial was denied on April 24, 2012. A notice of appeal was filed prematurely on April 13, 2012. The appeal was docketed to the January 2013 term of this Court and submitted for decision on the briefs.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that on October 19, 1994, Harvey fatally strangled, raped, sodomized, and assaulted Payton. Her nude body was discovered in an area frequented by Harvey with over 50 post-mortem incision wounds and a handwritten note stating, "I'M BACK ATLANTA, MR. X." Medical examiners took vaginal and rectal DNA swabs; however, no DNA match was found using the RFLP DNA test available at the time. In 2004, Payton's preserved DNA swabs were sent to a private laboratory for contemporary testing using the STRS DNA test. That laboratory identified a distinct male profile. These test results were sent to the Georgia Bureau of Investigation in 2005, and after comparison with Georgia's DNA database, the GBI concluded the male DNA profile taken from Payton's body matched Harvey's DNA profile. Despite Harvey's denial that he knew or had sexually assaulted Payton, a subsequent STRS DNA test confirmed the DNA match. Handwriting analysis determined the note found on Payton's body may have been written by Harvey. The State also presented the testimony of three similar transaction witnesses who testified that appellant manually choked, raped and sodomized them at a time within two years of the crimes charged.

Although Harvey argues the verdicts are not supported by the evidence, we conclude the evidence adduced at trial was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). It was for the jury, not this Court, to determine the credibility of the witnesses, to resolve any conflicts or inconsistencies in the evidence, and where appropriate, to determine whether the evidence excluded every other hypothesis save that of guilt. See *Faniel v. State*, 291 Ga. 559 (1) (731 SE2d 750) (2012) (whether evidence excluded every other reasonable hypothesis except guilt of the accused was for jury to resolve); *Dean v. State*, 273 Ga. 806, 807 (546 SE2d 499) (2001) (resolving evidentiary conflicts and inconsistencies and assessing witness credibility are province of the jury, not reviewing court).

2. Harvey contends the trial court erred by allowing the State to present the testimony of three similar transaction witnesses for the purpose of showing his course of conduct of manually choking and raping women. Evidence of a similar transaction may be admitted if the State demonstrates that (1) evidence of the independent offense or act is being offered not to raise an improper inference as to the accused's character but for an appropriate purpose; (2) the evidence is sufficient to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged

such that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

Harvey concedes that "under present case law there was no error in allowing the similar transactions into evidence"[2] but urges the Court to adopt more severe restrictions limiting the admission of such evidence, "otherwise character and propensity are relevant and admissible in a criminal trial." We reject this invitation, as we have in the past, and reiterate that "permitting evidence of a similar prior incident involving the defendant in order to show the defendant's course of conduct or bent of mind is a legitimate and proper purpose" under the law applicable at the time of appellant's trial. *Holloman v. State*, 291 Ga. 338 (6) (729 SE2d 344) (2012) (rejecting argument that similar transaction evidence admitted to show course of conduct and bent of mind is inadmissible because it comes "dangerously close" to being evidence of defendant's character). We note, however, that the Georgia legislature enacted a new Evidence Code effective January 1, 2013, which provides that

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

OCGA § 24-4-404 (b).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 2013.

*Bischoff & White, James E. Bischoff*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[2] Because all three witnesses identified appellant as their attacker and testified that appellant choked, raped and sodomized them at a time within two years of the crimes charged, we find no error in the trial court's determination that this evidence was admissible under *Williams*. See *Thomas v. State*, 290 Ga. 653 (2) (723 SE2d 885) (2012); *Rose v. State*, 275 Ga. 214 (2) (563 SE2d 865) (2002).