**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 12, 2013**

# In the Court of Appeals of Georgia

A13A1054. LATIMORE v. STATE.

Boggs, Judge.

A jury found Maynard Latimore guilty of theft by shoplifting. Following the denial of his motion for new trial, Latimore appeals, asserting the general grounds. He also contends that the trial court erred in allowing prior difficulty and similar transaction evidence. For the following reasons, we affirm.

Construed in favor of the verdict, the evidence showed that on October 12, 2011, a woman entered a Gwinnett County Home Depot store, and purchased three five-gallon buckets of waterproofing and stain at around 2:14 p.m. Minutes later, at around 2:22 p.m., Latimore entered the store, put three five-gallon buckets of weatherproofing and stain in his shopping cart, walked past several checkout registers, showed a cashier a receipt, and walked out of the store via the tool rental

department without paying for the items. He then re-entered the store at around 2:28 p.m., put the same items in his shopping cart and again passed several checkout registers before exiting the store through the garden department without paying for the items. When Latimore was stopped after exiting the store the second time, he had in his possession a receipt for three buckets of waterproofing and stain totaling $463 that showed the time of purchase as 2:13 p.m.

A store manager explained that Latimore participated in what is termed a "double shop," where one person purchases items from the store and then passes the receipt along to a second person who then enters the store and selects the same items listed on the receipt. The second person walks out of the store without paying for the items, but if confronted produces the receipt of the earlier purchase as evidence of the current purchase. He explained: "And the transactions are so close that it looks - - with time it looks like that it was the original transaction."

The State introduced similar transaction evidence of Latimore's prior act of shoplifting in Clayton County in May 2005, and subsequent act in Henry County in November 2011. An asset protection specialist at a Clayton County Home Depot testified that on May, 26, 2005, he began observing Latimore after Latimore entered the store and began "[l]ooking up at the cameras, looking side to side, acting a little

nervous." He explained further that he observed Latimore put a sprinkler pump and three cases of tile into a shopping cart, pass several checkout registers, and exit the store without paying for the merchandise, which was valued at $480.10. Latimore was arrested and subsequently pled guilty to shoplifting.

The manager who observed Latimore at the Gwinnett County Home Depot store in October 2011, was assigned to a Henry County Home Depot location on November 9, 2011, when he received a call from another employee stating that Latimore had selected "a couple of Dremel kits from our hardware department and a couple of buckets of nails." The employee had observed the woman from the Gwinnett County store purchase the same items before she spotted Latimore. Latimore passed several other checkout registers and exited through the tool rental department after he "flashed" a receipt at a cashier. When an employee attempted to stop Latimore, he pushed the shopping cart at the employee and fled, but was soon apprehended.

The store videotape revealed that minutes before Latimore entered the store and selected the items, the woman from the Gwinnett County incident had entered the store and purchased the exact same items. When Latimore was apprehended, he had

in his possession a receipt for a different purchase from another Home Depot location.

The trial court also allowed the admission of Latimore's acts at a DeKalb County Home Depot as prior difficulties between Latimore and Home Depot "as those difficulties relate to [Latimore's] course of conduct and bent of mind." Latimore was observed at a DeKalb County Home Depot on March 23, 2011, "pushing merchandise under the garden fence, and then he came around to pick it up," before being stopped by police. He was given a criminal trespass warning that prohibited him from returning to any Home Depot store for one year. On February 22, 2012, Latimore and another man attempted to return a "high dollar" faucet at the same DeKalb County location. Latimore was arrested for criminal trespass.

Latimore testified that he pled guilty to shoplifting at the Clayton County Home Depot in 2005, that he was arrested on March 23, 2011 for shoplifting at the DeKalb County Home Depot and was arrested again at that location in February 2012 for criminal trespass. He stated that he did not remember receiving the criminal trespass warning in March 2011, but explained: "[t]hey might have told me, but I never heard, I didn't hear it." Latimore identified himself in the videotape of the November 9, 2011 incident at the Henry County Home Depot.

4

1. Latimore contends that the prior and subsequent acts admitted were not sufficiently similar to the current crime. The trial court ruled that the acts were sufficiently similar and allowed the admission of the acts to "show a course of conduct or bent of mind."

> Evidence of a similar transaction may be admitted if the State demonstrates that (1) evidence of the independent offense or act is being offered not to raise an improper inference as to the accused's character but for an appropriate purpose; (2) the evidence is sufficient to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.

(Citation and punctuation omitted.) *Harvey v. State*, 292 Ga. 792, 793-794 (2) (741 SE2d 625) (2013). Moreover, "[w]e will uphold the trial court's decision to admit a similar transaction unless it is an abuse of discretion." (Citation and punctuation omitted.) *Muhammad v. State*, 290 Ga. 880, 882-883 (2) (725 SE2d 302) (2012).

Latimore argues that the acts here were not similar because different items were taken and because the prior act in Clayton County in 2005 did not involve a "double shop." But "[w]hen considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and

5

the crime in question." (Citation and punctuation omitted.) Id. Here, the acts both involved the theft of items from a Home Depot store in which Latimore put items in a shopping cart, passed several checkout counters, and exited through either the garden area or tool rental area of the store without paying for the items. Under these circumstances, the trial court was within its discretion to admit the acts as similar transaction evidence to show Latimore's course of conduct or bent of mind. See *Smarr v. State*, 317 Ga. App. 584, 588 (1) (732 SE2d 110) (2012); see also *Willett v. State*, 240 Ga. App. 108, 109-110 (522 SE2d 698) (1999) (shoplifting in large retail establishments; defendant selected small items, concealed them in purse, and exited store without paying).[1]

2. Latimore complains that the evidence of prior difficulty did not show bent of mind as the trial court concluded. "Prior difficulty evidence is admissible to demonstrate the relationship between the victim and the defendant and such evidence may show the defendant's motive, intent, and bent of mind in committing the act

---

[1]"We note that for trials conducted after January 1, 2013, the new evidence code permits the admission of similar-transaction evidence for the purpose of proving 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' but no longer for the purpose of proving 'course of conduct' or 'bent of mind.' OCGA § 24-4-404 (b)." (Punctuation omitted.) *Betancourt v. State*, ___ Ga. App. ___ (3) n.15 (744 SE2d 419) (2013), citing generally *Harvey*, supra. This case was tried in 2012.

6

against the victim which results in the current charges." (Citation, punctuation and footnote omitted.) *Westbrooks v. State*, 263 Ga. App. 566, 568-569 (2) (588 SE2d 335) (2003). And while "prior difficulties" has been described as evidence of the "defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat," (Citation, punctuation and footnote omitted.) Id. at 568 (2), we have held that nothing in our case law limits prior difficulty evidence to only those circumstances, and that "evidence of prior difficulties between a defendant and a corporation may be admitted under proper circumstances." (Citation and punctuation omitted.) *Stallworth v. State*, 303 Ga. App. 767, 769 (695 SE2d 276) (2010) (presenting inauthentic money orders to same check cashing business on several prior occasions).

The evidence showed Latimore shoplifted at a Home Depot in DeKalb County, was given a criminal trespass warning not to return to any Home Depot location for one year following this act, and yet still returned to the DeKalb County location within one year and attempted to return "a high dollar faucet" with another person. This evidence was admissible as evidence of a prior difficulty and was relevant to prove Latimore's bent of mind to victimize Home Depot. See *Westbrooks*, supra, 263 Ga. App. at 569.

7

3. Latimore argues that the evidence was insufficient to sustain his conviction because he "had a receipt on his person that was for the items taken. The State did not show that the receipt was fake or altered." But the evidence showed that Latimore presented a receipt showing a time of purchase that was several minutes before he even entered the store. The evidence presented, that Latimore walked out of the Gwinnett County Home Depot with items he did not pay for, was sufficient to sustain his conviction for shoplifting. See *Parham v. State*, 320 Ga. App. 676-677 (1) and (2) (739 SE2d 135) (2013) (evidence sufficient to support shoplifting conviction where defendant selected items from store shelves that were on receipt defendant admitted he found outside store); see also former OCGA § 16-8-14 (a) and (b) (2) (offense of theft by shoplifting is designated felony when subject of theft exceeds $300).

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*