**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 25, 2018**

# In the Court of Appeals of Georgia

A18A1179. STROZIER v. THE STATE.

RICKMAN, Judge.

Damian Strozier appeals his conviction and sentence for battery and the denial of his motion for new trial. He asserts three errors related to his lack of representation at trial by a public defender. For the reasons shown, we reverse.

The record shows that Strozier initially was charged with battery for intentionally causing substantial physical harm, a misdemeanor; the charge was later amended to battery with visible bodily harm, also a misdemeanor. On August 24, 2016, at his arraignment, Strozier applied for appointment of counsel and in support, averred that he had no take-home pay. Strozier stated that he understood "there is a $50.00 charge to apply for or receive a court appointed attorney. (O.C.G.A. 15-21A-6 (C))." Strozier, however, also moved for a waiver of the application fee, stating that

he was indigent and unable to pay the fee because he was unemployed. The trial court appointed counsel for Strozier and approved the fee waiver the same day. During the arraignment, however, the trial court orally conditioned waiver of the fee on Strozier contacting the Fulton County Office of Workforce Development about employment within ten days.

The case was placed on a trial calendar for October 5, 2016. At the beginning of the calendar call, the trial court asked Strozier if he was representing himself, to which he responded that he had a public defender. The public defender then offered that he had not received "proof of enrollment from the Workforce Development." The following conversation ensued.

> The Court: All right. So, Mr. Strozier, you were not in touch with [the public defender] to complete either payment of the fee or the application fee or the enrollment in Workforce Development; is that correct?
>
> Defendant Strozier: I actually went down to the Workforce Development building and filled out applications.
>
> The Court: And have you been in touch with [the public defender] about that?
>
> Defendant Strozier: I just recently called him yesterday, but he didn't answer the phone.

2

The Court: You were arraigned many weeks ago, all right? So that's not going to work out. Do you have any paperwork today to show either payment of the fee or your enrollment in Workforce Development?

Defendant Strozier: No, ma'am.

The Court: All right. Then I'm going to have you go ahead and waive your opportunity to work with the public defender's office. You haven't met the requirements, so you're going to be self-represented in this matter. All right?

Defendant Strozier: Yes, ma'am.

The Court: I did appoint counsel, but that was subject to some conditions, and you have not met those conditions.

The court informed Strozier that the public defender would be "assisting as a friend of the court."

Following a bench trial the next day, at which he proceeded pro se, Strozier was convicted of the charge and sentenced to twelve months to serve 10 days with the remainder on probation, plus a 12-week anger management course. During the trial, Strozier did not make any objections, but he did cross-examine the State's witnesses, call a witness for his defense, and give an opening statement and a closing argument.

The public defender did not take any action at trial until the court found Strozier guilty of the charge, at which point he moved that the court reconsider based on an affirmative defense, which the court denied. Following the sentencing, the public defender stated that Strozier wished to appeal and desired a public defender for the appeal; the court agreed and appointed a public defender.

Strozier contends the trial court erred in three ways: (1) by requiring him to pay an application fee or to enroll in the workforce development program in order to be represented by the public defender's office after determining that he was indigent; (2) by ordering him to waive his right to counsel and proceed pro se after determining that he was indigent; and (3) by sentencing him to incarceration after denying him appointed counsel when he requested representation. We agree the court erred and reverse.[1]

1. This Court is authorized to review a trial court's procedure in making decisions as to appointed counsel. *Roberson v. State*, 300 Ga. 632, 635 (III) (797 SE2d 104) (2017). For the reasons that follow, we hold that the trial court's decision

---

[1] Although not enumerated as error, our review of the trial transcript shows that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Strozier was guilty of the crime for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

at arraignment requiring Strozier to enroll in a workforce development program to obtain a waiver of the application fee, was not authorized by OCGA § 15-21A-6 (c) and that the trial court, therefore, erred by ordering him to proceed pro se.

(a) The application fee for the appointment of indigent counsel is governed by OCGA § 15-21A-6 (c). The plain language of the statute shows that the only requirement for waiver of the application fee is a finding that the defendant is unable to pay or that the fee will result in a measurable hardship; under those circumstances, the court must waive the fee:

> Any person who applies for or receives legal defense services under Chapter 12 of Title 17 shall pay the entity providing such services a single fee of $50.00 for the application for, receipt of, or application for and receipt of such services. The application fee *shall not be imposed* if the payment of the fee is waived by the court. The court *shall waive the fee* if it finds that the applicant is unable to pay the fee or that measurable hardship will result if the fee is charged. If the application fee required by this subsection has not been paid prior to the time the defendant is sentenced, the court shall impose such fee as a condition of probation.

(Emphasis supplied.) OCGA § 15-21A-6 (c). The statute's repeated use of the word "shall" shows that once it has been determined that defendant is unable to pay, the court must waive the fee. See *Mead v. Sheffield*, 278 Ga. 268, 269 (601 SE2d 99)

5

(2004) ( "'Shall' is generally construed as a word of command.").[2] Moreover, nothing in OCGA § 15-21A-6 (c), or elsewhere in the law, requires a person to apply for services with a workforce development program in order to obtain a waiver of the fee. And even if a person were required to pay the fee, the statute's only penalty for not paying is an order that the defendant pay the fee as a condition of probation. See OCGA § 15-21A-6 (c).

Here, Strozier moved for appointment of counsel and waiver of the fee at his arraignment. The trial court's simultaneous orders granting these motions plainly show that the trial court accepted that Strozier was unable to pay or would suffer a measurable hardship if the fee were imposed. Thus, under the statute, the court was required to waive the fee. See OCGA § 15-21A-6 (c). But at the same arraignment, the trial court orally conditioned waiver of the fee on Strozier enrolling in a workforce development program. Thus, at the arraignment, the court took an action not authorized by OCGA § 15-21A-6 (c) and erred as a matter of law by so doing.

---

[2] See also OCGA § 9-15-2 (a) (1) ("When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.").

At the ensuing calendar call, after determining that Strozier had not satisfied that condition, the court ordered Strozier to waive his right to counsel and represent himself. But "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U. S. 25, 37 (92 SCt 2006, 32 LE2d 530) (1972). "To make a knowing and intelligent waiver, the trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will establish that he knows what he is doing." (Citations and punctuation omitted.) *Alford v. State*, 287 Ga. 105, 106 (695 SE2d 1) (2010). "The [S]tate bears the burden of showing waiver, and there is a presumption against waiver." *Saunders v. State*, _ Ga. App. _ (2) (815 SE2d 622) (2018).

Here, the State has made no effort to show that Strozier waived his right to counsel, and "[r]eview of the record shows no voluntary or intelligent waiver of [Strozier's] right to counsel, nor that he was apprised of the dangers of proceeding without counsel." *Alford*, 287 Ga. at 106. Accordingly, the court erred by ordering Strozier to waive his right to counsel. See, e.g., *In re Thompson*, 339 Ga. App. 106, 110 (1) (793 SE2d 462) (2016) (record failed to demonstrate valid waiver of right to counsel).

7

(b) We disagree with the State's assertion that Strozier's counsel induced these errors[3] or that the errors were not preserved for purposes of appeal. The State argues that Strozier's counsel induced the above errors by informing the court at the calendar call that he had not received proof that Strozier had enrolled in a workforce development program. But the trial court first erred at the arraignment, not at the calendar call. And even at the calendar call, counsel did not induce the error by proposing or taking any action upon which the Court relied; he merely informed the court about the status of the condition erroneously set by the court at the arraignment. See generally *Puckett v. State*, 239 Ga. App. 582, 583 (1) (521 SE2d 634) (1999) (party may induce error with "strategy, tactics or conduct") (citation omitted). The State also argues that counsel waived the error by not objecting at the calendar call when the court ordered Strozier to represent himself. But Strozier had already filed motions for appointment of counsel and waiver of the application fee, and the court had already erred at the arraignment by imposing the condition.

(c) We also disagree with the State's argument that Strozier "forfeited" his right to counsel through "his own dilatory and unethical conduct." The State notes that at

---

[3] See *Torres v. State*, 272 Ga. 389, 392 (7) (529 SE2d 883) (2000) ("It is well established that induced error is impermissible and furnishes no ground for reversal.").

8

sentencing, Strozier stated that he worked every day, had several employment contacts in his phone, and was scheduled to be on a job site in the near future. The State argues that Strozier therefore was dishonest with the court and, accordingly, was not entitled to appointed counsel. The State cites case law from other jurisdictions for the idea that, separate from a knowing waiver of the right to counsel, a defendant may "forfeit" the same right by engaging in certain bad behavior. But the State cites no Georgia law in support, and we find none. Rather, under several Georgia cases, the concepts of forfeiture and waiver of the right to counsel are not distinguished. See, e.g., *Lawal v. State*, 264 Ga. App. 49, 50 (589 SE2d 861) (2003) ("A criminal defendant may forfeit his right to counsel by a knowing and intelligent waiver.") (citation and punctuation omitted); *Clowers v. Sikes*, 272 Ga. 463, 466 (532 SE2d 98) (2000) ("As with all constitutional rights, a defendant can forfeit the right to counsel by a knowing and intelligent waiver.") (Carley, J., dissenting).

2. Because the trial court erred by ordering Strozier to waive his right to counsel and to proceed pro se, we must reverse. "Under the United States Constitution, the [S]tate is required to provide counsel to indigent defendants for their trial and for their first appeal as a matter of right." (Citations omitted.) *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). And the denial of the right to

9

counsel is a structural[4] Sixth Amendment violation that requires reversal. See *Tyner v. State*, 334 Ga. App. 890, 895-896 (1) (780 SE2d 494) (2015) (structural error where court denied defendant's request for counsel during trial); see also *Berry v. State*, 282 Ga. 376, 378 (3) (651 SE2d 1) (2007); *Lynch v. State*, _ Ga. App. _ (Case No. A18A1013, decided Sept. 6, 2018).

*Judgment reversed. McFadden, P. J., and Ray, J., concur.*

---

[4] Structural errors "include the denial of counsel, the denial of the right of self-representation, the denial of the right to public trial, and the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction." (Citations omitted.) *United States v. Gonzalez-Lopez*, 548 U. S. 140, 149 (III) (126 SCt 2557, 165 LE2d 409) (2006).